BATCHELDER, Circuit Judge,
concurring in part and concurring in judgment.
I concur in the judgment of the majority opinion. I write separately with regard to the majority’s statement of Kentucky law relating to the election of remedies for fraudulent inducement.
Fort Knox Bank argues on appeal — erroneously, I believe — that the Sallees, under Kentucky law, were required to elect whether they sought damages for fraudulent misrepresentation or fraudulent inducement. The majority opinion adopts the Bank’s erroneous characterization of Kentucky law.
Fraud in the inducement requires misrepresentation. Black’s Law Dictionary defines fraud in the inducement thus:
*905 Fraud connected with underlying transaction and not with the nature of the contract or document signed. Misrepresentation as to the terms, quality or other aspects of a contractual relation, venture or other transaction that leads a person to agree to enter into the transaction with a false impression or understanding of the risks, duties or obligations she has undertaken.
Black’s Law Dictionary (6th ed.1990). In Kentucky, when a party is induced by a fraudulent misrepresentation to enter into a contract, that party must elect to either: (1) “affirm the contract and recover damages in tort for the fraud;” or (2) “disaf-firnuthe contract and recover the consideration with which he has parted.” H.C. Hanson v. Am. Nat'l Bank & Trust Co., 865 S.W.2d 302, 306 (Ky.1993). The required election is not between a cause of action for fraudulent misrepresentation and one for fraudulent inducement. Rather, the election required is between the available remedies-either affirming the contract and claiming damages or rescinding the contract. Sanford Constr. Co. v. S & H Contractors, Inc., 443 S.W.2d 227, 236 (Ky.1969).
In this case, the Sallees claim that they were induced to purchase the laundromat by Fort Knox Bank’s fraudulent representations. The Sallees’ claim is one for fraudulent inducement. The election that Kentucky law requires them to make is the election of remedies — they may elect to affirm the contract and pursue damages, or they may elect to rescind the contract. The majority opinion says that since the Sallees “affirmed the laundromat loan transaction” they may sue only “for fraudulent misrepresentation, but not for fraudulent inducement.” This is an incorrect statement of Kentucky law. There is no issue here of fraudulent misrepresentation versus fraudulent inducement. Here, a fraudulent misrepresentation by Fort Knox Bank induced the Sallees to purchase the laundromat.
The proper distinction between fraudulent misrepresentation and inducement derives from the context in which the fraudulent misrepresentation occurred. If the misrepresentation occurred with the “intention of inducing” a party to act, the result is fraudulent inducement. If the misrepresentation did not occur within the context of inducing another to act, but instead was a misrepresentation for other purposes, the result is another form of fraud, for example, fraud in the factum, where the document signed was itself misrepresented.
I agree with the result reached by the majority. In its order granting Fort Knox Bank’s motion to appoint a receiver, the state court explicitly told the Sallees that they would have to make an election of remedies. The Sallees, however, have made no specific election, and it is undisputed that they have kept the money they borrowed from Fort Knox Bank. As a result, they have condoned the fraud by affirming the contract. Terrill v. A.H. Carpenter, 143 F.Supp. 747, 753 (E.D.Ky.1956). Under Kentucky law, as found by the majority, the Sallees may recover the difference between the value of the property as it was fraudulently represented and the actual value of the property. Dempsey v. Marshall, 344 S.W.2d 606, 607 (Ky.1961). But I do not join in.the majority’s confusion about what the damages thus calculated are to recompense. These damages are for fraudulent inducement. Because the Sallees elected to affirm the contract they were fraudulently induced to enter into, they are limited to damages measured by the difference between the actual and the misrepresented value.
Finally, I agree with the majority’s determination that the bankruptcy court erred in awarding damages for the loss of *906 the ESOP (although in light of the discussion of the Sallees’ own culpability in destroying the tax-deferred status of their ESOP and the ultimate holding that the bankruptcy court erred in awarding damages for loss of the Lowe’s stock, I am puzzled by the majority opinion’s statement that the bankruptcy court’s finding that the Sallees used ordinary care in relying on the Bank’s representations regarding that stock is supported by the record). I agree as well that the Sallees could have elected to rescind that transaction — which was part of the larger laundromat transaction — but did not. That they thereby limited themselves to damages measured by the difference between the actual value of the laundromat and its misrepresented value, however, is not because they are not entitled to damages for fraudulent inducement. It is because in this action for fraudulent inducement, they elected to affirm the contract.